UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>RON HAUS, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1762 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Nationstar Mortgage LLC's ("Nationstar") motion for summary judgment. (ECF No. 38). Defendants Ron Haus ("Haus") and Eva Berou ("Berou") filed a response (ECF No. 41), to which Nationstar replied (ECF No. 44).

**I.  Facts**

This action involves the parties' interests in real property located at 3947 Foxboro Circle, Las Vegas, Nevada 89121 ("the property"). (ECF No. 1 at 1).

*a. Plaintiff's interest in the property*

In July 2007, Melanie Moore ("borrower") obtained a loan from Plaza Home Mortgage Inc. ("Plaza") for $205,000.00 ("the loan") to purchase the property. (ECF No. 1-4). Borrowers executed a promissory note in favor of Plaza, as well as a deed of trust to secure repayment of the loan. *Id.* The deed of trust, recorded on August 1, 2007, listed Plaza as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary solely as nominee for the lender and the lender's successors and assigns. *Id.*

In August 2007, Fannie Mae acquired ownership of the loan, including the note and the deed of trust. (ECF No. 38-3). Plaintiff attached a declaration from Fannie Mae, along with a copy of a printout from Fannie Mae's Servicer & Investor Reporting platform ("SIR") system pertaining to its purchase of the loan to its motion for summary judgment. *See id.*

**James C. Mahan**
**U.S. District Judge**

On March 6, 2012, MERS, as nominee for lender and lender's successors and assigns, recorded an assignment of the deed of trust to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BANA"). (ECF No. 1-4). On September 24, 2013, plaintiff Nationstar obtained beneficial interest in the deed of trust via an assignment. (ECF No. 1-7). Nationstar is the authorized servicer of the loan for Fannie Mae.[1]

*b. Defendants' interest in the property*

On November 30, 2011, Alessi & Koenig, LLC ("Alessi"), on behalf of defendant Forest Hills Homeowner's Association, Inc. (the "HOA"), recorded a lien for delinquent assessments, asserting an outstanding amount owed as of November 30, 2011, of $2,574.00. (ECF No. 38 at 16). On October 11, 2012, Alessi recorded a notice of default and election to sell, asserting an outstanding amount owed of $5,818.00. (ECF No. 38-17). On September 24, 2013, Alessi recorded a notice of trustee's sale, setting a sale date of October 23, 2013. (ECF No. 38-18). Defendants Haus and Berou allegedly purchased the property at the foreclosure sale for $7,900.00. (ECF No. 38-19). The trustee's deed upon sale was recorded on November 12, 2013. *Id.*

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a

---

[1] For the governing documents of Fannie Mae's service agreement with Nationstar ("the Guide"), *see* (ECF No. 38-11, 13, 21).

directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

James C. Mahan
U.S. District Judge

**III. Discussion**

Plaintiff now moves for summary judgment on its quiet title and declaratory relief claims.[2] As a preliminary matter, declaratory relief is not a cognizable cause of action under Nevada law. *See Freeto v. Litton Loan Serv., LP*, no. 3:09-cv-754, 2011 U.S. Dist. LEXIS 3960, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent injunction because those remedies may only "be afforded to a party after he has sufficiently established and proven his claims"). Accordingly, plaintiff is not entitled to relief on those claims. In light of the foregoing, the court will address plaintiff's motion with respect to its quiet title claims only.

  *a. The propriety of plaintiff's quiet title claims*

In its motion, plaintiff argues that summary judgment in its favor is proper because the federal foreclosure bar preempts contrary state law. (ECF No. 38). Indeed, the Housing and Economic Recovery Act of 2008 ("HERA") established the Federal Housing Finance Agency ("FHFA") to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*.

In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits

---

[2] Plaintiff's complaint also sets forth "claims" for permanent and preliminary injunction against defendants Haus and Berou. (ECF No. 1). However, as plaintiff's motion for summary judgment appears to request judgment only on its "declaratory relief" and quiet title claims, those claims are the focus of the instant order.

property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Fannie Mae acquired ownership of the underlying loan in August 2007. (ECF No. 38-3). Further, an assignment of the deed of trust was recorded on March 6, 2012, that named BANA beneficiary. (ECF No. 1-4). Later, on September 23, 2013, BANA recorded an assignment of the deed of trust to plaintiff Nationstar. (ECF No. 1-7). Nationstar acted as a contractually authorized servicer of the loan on behalf of Fannie Mae, the owner of the note. Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of plaintiff. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for plaintiff prior to the HOA foreclosure sale on October 23, 2013.

FHFA did not consent to the extinguishment of plaintiff's property interest through the HOA foreclosure sale. (ECF No. 38-20). Because Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, plaintiff's interest in the property survived the HOA foreclosure sale. To be sure, the court will address defendant's arguments against granting summary judgment in favor of plaintiff on the foregoing grounds.

In their response, defendants Haus and Berou argue: (1) the evidence presented in this case is insufficient to demonstrate Fannie Mae's interest in the property; (2) Fannie Mae's failure to record its interest in the deed of trust violates Nevada's recording statute, NRS 106.210, which

James C. Mahan
U.S. District Judge

- 5 -

cannot be overcome by the federal foreclosure bar; and (3) Haus and Berou are *bona fide* purchasers of the property, and plaintiff cannot overcome the presumptive validity of the foreclosure sale. *See* (ECF No. 41). The court will address each of these arguments in turn.

    *a. Fannie Mae's interest in the property*

Defendants Haus and Berou argue that no admissible evidence proves that Fannie Mae held an interest in the property on the date of the foreclosure sale. (ECF No. 41). However, in *Berezovsky*, the Ninth Circuit held that Fannie Mae's business records regarding the loan's servicing and acquisition history, along with a declaration explaining the records, adequately evinced Fannie Mae's property interest. 869 F.3d at 932–33. The court upheld summary judgment in favor of Fannie Mae based on these recorded filings and on the Guide defining the servicing relationship between Fannie Mae and its servicers. *Id.* at 933.

Here, plaintiff attached to its motion Fannie Mae's business records regarding loan servicing and acquisition history, accompanied by a supporting declaration. *See* (ECF No. 38-3) (containing business records and supporting declaration). Under *Berezovsky*, the court may consider these records as evidence when considering motions for summary judgment. *See* 869 F.3d at 932–33. Further, similarly to the appellant in *Berezovsky*, defendant here provides no evidence to contradict plaintiff's offered documents. *Cf. id.* at 933 ("Berezovsky points to no evidence before the district court that created a material dispute regarding the legal import of Freddie Mac's exhibits concerning its interest in the property."). Therefore, defendants' argument against summary judgment fails on this ground.

    *b. Nevada's recording statute, NRS 106.210*

Defendants argue that because Fannie Mae did not record its interest in the deed of trust, NRS 116.210 renders Fannie Mae's ownership interest in the property unenforceable as to third parties. (ECF No. 41 at 8). NRS 116.210 provides that "any assignment of the beneficial interest under a deed of trust must be recorded." Nev. Rev. Stat. § 116.210. Defendant's argument relies on the fact that plaintiff Nationstar, as Fannie Mae's servicer, was beneficiary of record of the deed of trust at the time of the foreclosure sale.

Here, *Berezovsky* is on point yet again. There, the Ninth Circuit held:

> Nevada law thus recognizes that, in an agency relationship, a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent. *Id.* (noting the Restatement (Third) of Property acknowledges the note holder retains its security interest even if the beneficial interest under the deed of trust is assigned to its loan-servicing agent). Although the recorded deed of trust here omitted Freddie Mac's name, Freddie Mac's property interest is valid and enforceable under Nevada law.

869 F.3d at 932 (holding that the federal foreclosure bar served to protect plaintiff's deed of trust from extinguishment following an HOA foreclosure sale).

Accordingly, defendants' argument against summary judgment fails on this ground.

    *c. Haus and Berou's alleged status as "bona fide purchasers"*

Finally, defendants argue that the federal foreclosure bar cannot override their status as *bona fide* purchasers of the property. (ECF No. 41 at 12). However, the Ninth Circuit has already held that the federal foreclosure bar preempts Nevada's *bona fide* purchaser statute. *Berezovsky v. Moniz*, No. 3:17-cv-0603-MMD-VPC, 2018 WL 3078753, at *930–931; *U.S. Bank Home Mortg. v. Jensen*, No. 3:17-cv-0603-MMD-VPC, 2018 WL 3078753, at *2 (D. Nev. June 20, 2018). Accordingly, defendants' argument that its alleged status as bona fide purchasers protects them from plaintiff's quiet title claim is without merit.

Because defendants present no other argument capable of overcoming the merits of plaintiff's motion for summary judgment on its quiet title claim, the court will grant plaintiff's motion.

**IV. Conclusion**

In light of the foregoing, plaintiff is entitled to summary judgment on its quiet title claim under 12 U.S.C. § 4617(j)(3), as the federal foreclosure bar prevented plaintiff's property interest from being extinguished through the HOA's foreclosure sale.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Nationstar Mortgage LLC's motion for summary judgment (ECF No. 38) be, and the same hereby is, GRANTED.

. . .

The clerk of court is instructed to enter judgment accordingly and close the case.

DATED October 23, 2018.

_____
UNITED STATES DISTRICT JUDGE